# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-3052
LT Case No. 2022-SC-10994

———————————————

ROBERT STANLEY JOHNSTON,

    Petitioner,

    v.

KIMBERLY FISCHER,

    Respondent.

———————————————

Petition for Certiorari Review of Order
from the County Court for Brevard County,
Kenneth Friedland, Judge.

Tanner Andrews, of Tanner Andrews, P.A.,
DeLand, for Petitioner.

Kimberly Fischer, Winter Springs, pro se.

August 25, 2023

EISNAUGLE, J.,

    Petitioner, Robert Stanley Johnston, seeks certiorari review of the trial court's nonfinal order denying his motion for final judgment pursuant to section 768.295, Florida Statutes (2021) (the "Anti-SLAPP statute"). Petitioner argues we have certiorari jurisdiction because the "litigation itself is the harm," and "[i]t

cannot be remedied on plenary appeal because, by that point, the harm is fully realized." We dismiss for lack of jurisdiction.

Our sister court considered whether the denial of an Anti-SLAPP motion could be reviewed by certiorari in *WPB Residents for Integrity in Government, Inc. v. Materio*, 284 So. 3d 555 (Fla. 4th DCA 2019). In that case, after explaining that "[t]he general rule is that the continuation of litigation 'does not constitute irreparable harm' for purposes of seeking certiorari review," *id.* at 558 (quoting *Rodriguez v. Miami-Dade Cnty.*, 117 So. 3d 400, 405 (Fla. 2013)), the court reasoned that "the proper course is for the [supreme] court to amend the non-final appeal rule, not to expand certiorari jurisdiction." *Id.* at 560. As a result, the district court held that it did not have certiorari jurisdiction and dismissed. *See also Bosshardt v. Drotos*, 351 So. 3d 257 (Fla. 1st DCA 2022); *Vericker v. Powell*, 343 So. 3d 1278 (Fla. 3d DCA 2022), *review granted*, No. SC22-1042, 2023 WL 415632 (Fla. Jan. 10, 2023). We agree with *Materio*'s conclusion and much of its analysis.

As observed in *Materio*, our supreme court's decision in *Keck v. Eminisor*, 104 So. 3d 359 (Fla. 2012) is instructive. In *Keck*, the court considered whether review of an order denying "a claim of individual immunity under section 768.28(9)(a), Florida Statutes, [should] await the entry of a final judgment in the trial court to the extent that the order turns on an issue of law." 104 So. 3d at 363. Notably, *Keck* acknowledged that "[i]f orders denying summary judgment based on claims of individual immunity from being named as a defendant under section 768.28(9)(a) are not subject to interlocutory review, that statutory protection becomes essentially meaningless for the individual defendant." *Id.* at 366.

Nevertheless, the supreme court expressly declined to endorse review by certiorari. *Id.* ("[W]e do not utilize the common law writ of certiorari for review of a claim of individual immunity."). Instead, *Keck* determined that "a claim of

individual immunity from suit under section 768.28(9)(a) should be appealable as a non-final order."[1] *Id.* at 361.

In reaching its decision, *Keck* relied, in part, on *Tucker v. Resha*, 648 So. 2d 1187, 1190 (Fla. 1994), where the supreme court similarly concluded that interlocutory review was appropriate in the context of a claim of qualified immunity. Importantly, however, *Keck* emphasized that *Tucker* did not "*expand*[] *the scope of certiorari review*, but instead requested the Florida Bar Appellate Court Rules Committee to submit a proposed amendment that addressed . . . a rule change." *Keck*, 104 So. 3d at 365 (emphasis added).

Given the Florida Supreme Court's analysis and disposition in *Keck*, we fail to see how this court can review the order in this case by certiorari.[2] Instead, it appears if review is authorized, it must be pursuant to an amendment to Florida Rule of Appellate Procedure 9.130. *See Materio*, 284 So. 3d at 560.

We are aware of the second district's decisions in *Gundel v. AV Homes, Inc.*, 264 So. 3d 304 (Fla. 2d DCA 2019), *Baird v. Mason Classical Academy, Inc.*, 317 So. 3d 264 (Fla. 2d DCA 2021), and *Davis v. Mishiyev*, 339 So. 3d 449 (Fla. 2d DCA 2022), and we certify conflict with those cases.

PETITION DISMISSED; CONFLICT CERTIFIED.

JAY and BOATWRIGHT, JJ., concur.

---

[1] We acknowledge that *Keck* did not determine whether a claim of immunity would otherwise meet the standard of irreparable harm. *Id.* at 361. ("[W]e conclude that a claim of individual immunity from suit under section 768.28(9)(a) should be appealable as a non-final order under Florida Rule of Appellate Procedure 9.130, obviating the necessity of determining whether common law certiorari would alternatively be available.").

[2] Given our reading of *Keck*, we need not decide whether the language of section 768.295 creates immunity from suit.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____